NO. 07-00-0441-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 10, 2001

______________________________

WILLIAM A. MOODY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 232
ND
 DISTRICT COURT OF HARRIS COUNTY;

NO. 833,226; HONORABLE MARY LOU KEEL, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

After the trial court denied his motion to suppress evidence, appellant William A. Moody, pursuant to an agreement, plead guilty to the felony offense of unauthorized use of a motor vehicle, for which punishment was assessed at confinement for eight months in a state jail facility.  Appellant seeks a reversal and remand on the sole contention that the trial court abused its discretion in overruling his motion to suppress his custodial statement to law enforcement.  Based upon the rationale expressed herein, we affirm.

Because appellant does not challenge the sufficiency of the evidence, only the facts necessary to resolution of his issue will be discussed.  Officer Colin P. Gerlich, a supervisor assigned to the proactive squad in the Auto Theft Division of the Houston Police Department, went to an auto body shop on January 11, 2000, in response to information regarding a possible stolen vehicle.  His inspection of the shop disclosed several licensing and other violations by the business and one stolen vehicle.  After being contacted by police officers, appellant voluntarily met the officers at the police station for the purpose of discussing his involvement with the stolen vehicle.  Appellant was not arrested or handcuffed at that time, and appellant’s father, a retired Harris County Sheriff Deputy, accompanied appellant to meet with the officers.  After discussions with several officers, appellant agreed to make a videotaped statement after he and his father made a decision that it would be best for him to tell them “everything that was going on around the vehicle.” Appellant was still not under arrest or handcuffed and was free to leave.

 Witnesses at the hearing on the motion to suppress included four Houston police officers, appellant, his father, and his employer.  Their testimony is contained in a 164-page reporter’s record.  The trial court made the following  findings and conclusions.

1.  On January 11, 2000, the Houston Police Department auto theft division learned that there was a stolen car at a body shop.  Sgt. Craig Newman went to the body shop and confirmed the report.  After speaking to the owner of the body shop, Newman called the defendant and asked him to come to the body shop because of the stolen car there.  The defendant told Newman that the owner of the body shop did not know that the car was stolen.  He had a series of excuses for not coming to the body shop, but eventually agreed to come to the police station.

2.  That evening, the defendant arrived at the police station accompanied by his father, Ralph Moody.  Sgt. Newman and Officer Calhoun escorted the two men up to the third floor.  They did not arrest the defendant.

3.  Officers David Zaunbrecher and Mike Ingels interviewed the defendant for general information about car theft rings in southwest Houston.  Ingels told the defendant that his cooperation would probably benefit him with the District Attorney.  The defendant could provide them with no information that they did not already have.  They did not arrest the defendant. 

4.  Sgt. Collin [sic] Gerlich next interviewed the defendant and videotaped his statement.

5.  Before the videotaped interview, Gerlich told the defendant that he would let any interested parties know of his cooperation and that he would do what he could to help him get a pre-trial bond.

6.  At the beginning of the tape, Gerlich informed the defendant about his rights.  The defendant understood and waived those rights.   During the tape, Gerlich reiterated his promise to discuss the case with the assistant district attorney and to recommend a pretrial bond to the “agency.”

7.  After the interview, the defendant was booked into jail on theft charges.

8.  The defendant was not under arrest when he gave his videotaped statement.

9.  The statement was given voluntarily.

10.  The statement is admissible in evidence. 

We commence our analysis by first noting the appropriate standard of review.  To counsels’ credit, there is no material difference in the appropriate standard of review suggested by them.  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), 
cert denied
, 513 U.S. 1157, 115 S.Ct. 1115, 130 L. Ed.2d 1079 (1995); Romero v. State, 800 S.W.2d 539, 543 (Tex.Cr.App. 1990).  The trial court may accept or reject any or all of a witness’s testimony.  Taylor v. State, 604 S.W2.d 175, 177 (Tex.Cr.App. 1980).  In reviewing the trial court’s decision, an appellate court does not engage in its own factual review; it determines whether the record supports the trial court’s findings.  
Romero
, 800 S.W.2d at 543.  If the record supports the trial court’s fact-findings, an appellate court is not at liberty to disturb the findings absent an abuse of discretion, 
see
  Villarreal v. State, 935 S.W.2d 134,138 (Tex.Cr.App. 1996), and affords the trial court’s determination of historical facts almost total deference.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997).  However, as to mixed questions of law and fact not turning on the evaluation of credibility and demeanor, review by an appellate court is 
de novo
.  
Id
. at 89.

By his sole issue, appellant contends the trial court erred in overruling his motion to suppress his custodial statement to law enforcement because it was improperly induced by promises.  By the summary of his argument, pursuant to Sossamon v. State, 816 S.W.2d 340 (Tex.Cr.App. 1991), appellant contends that his videotaped confession was not voluntary because it was made in response to improper inducements and promises made by law enforcement officers.  We disagree.

After Sossamon was arrested in Montgomery County for several aggravated robberies, he offered to provide information implicating others and then told the Montgomery County officer that he could provide information on aggravated robberies that had occurred in other counties if he could be assured that he would not be prosecuted in Liberty County  and  other counties.  Relying on the assurance by the Montgomery County officer that Liberty County officials had consented to the immunity agreement, Sossamon entered his plea.  In 
Sossamon, 
after finding that Sossamon failed to establish the existence of an immunity agreement with Liberty County officials, the court held that Sossamon’s confession was involuntary.  
Id
. at 345-56.  As outlined in 
Sossamon
,
 
in our review, we determine whether the promise was

1) of some benefit to the defendant, 

2) positive,

3) made or sanctioned by a person in authority, and 

4) of such character as would be likely to influence the defendant to speak untruthfully. 

816 S.W.2d at 345.  Appellant focuses his argument on his contention that the officers promised he would be allowed to provide a personal recognizance bond, and but for such promise, he would not have made the videotape; however, this contention is not factually supported by the videotaped statement. 

 According to the videotape, after the officer informed appellant of his rights, the officer asked appellant to state his understanding of his rights.  In response, appellant acknowledged that 1) he knew that he had a right to an attorney, 2) he was there of his own free will, and 3) if he cooperated and turned himself in “everything will look better.”  Then, appellant said, “and a p.r. bond.”  In response to appellant’s comment about a personal recognizance bond, the officer responded that the officers “will do our best to get the agency responsible for that, but no promises . . .” and concluded that the officers would  recommend and do their best to facilitate a personal recognizance bond for appellant. According to the videotape, the officers did not make a positive promise to appellant that he would be allowed a personal recognizance bond.  To the contrary, any promise was specifically withheld.  Moreover, even if the officers had positively promised appellant that he would be allowed to make a personal recognizance bond, such assurance does not rise to the level of an assurance of immunity from prosecution as in 
Sossamon
, and we conclude would not be of such a character as would be likely to influence appellant to speak untruthfully. 
 Accordingly, we conclude the trial court did not abuse its discretion in overruling appellant’s motion to suppress the videotape.  Appellant’s sole issue is overruled.  

Accordingly, the judgment of the trial court is affirmed.   

Don H. Reavis

        Justice

Do not publish.